1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN MUNOZ, *et al.*,                    Case No.  1:24-cv-01371-KES-BAM

12              Plaintiffs,                     **ORDER VACATING APRIL 18, 2025
                                               HEARING**
13        v.
                                               **ORDER GRANTING MOTION TO
14   UNITED STATES OF AMERICA,                 APPOINT GUARDIAN AD LITEM FOR
                                               PLAINTIFFS BRYAN MUNOZ, JERRY
15              Defendant.                      MUNOZ-MOLINA, AND ANGELENE
                                               MUNOZ-MOLINA**
16
                                               (Doc. 14)
17

18        Currently before the Court is the motion of Plaintiff Maritsa Molina to be appointed as

19   guardian ad litem for minor plaintiffs Bryan Munoz, Jerry Munoz-Molina, and Angelene Munoz-

20   Molina.  (Doc. 14.)  Defendant United States of America did not file any opposition within the

21   time prescribed by Local Rule 230(c).  The matter was referred to the undersigned pursuant to the

22   Standing Order issued on November 8, 2024.  (Doc. 4-1.)  The Court finds the motion appropriate

23   for resolution without oral argument pursuant to Local Rule 230(g), and the hearing on the

24   motion is HEREBY VACATED.

25                              **RELEVANT BACKGROUND**

26        The claims in this action arise from the following common allegations:  On June 21, 2023,

27   Plaintiffs Bryan Munoz, Maritsa Molina, Jerry Munoz-Molina, Gerardo Munoz, and Angelene

28   Munoz-Molina were at the Tule Recreation Area at Lake Success near the City of Porterville in

                                              1

Tulare County, California.  Plaintiff Bryan Munoz came upon what appeared to be a dirt hill or a large mound of dirt.  However, what appeared to be a dirt hill was really a large pile of hot ashes.  As Plaintiff Bryan Munoz approached the unrestricted pile of hot ashes, he fell onto the ashes causing burns to his lower extremities.  Plaintiff Bryan Munoz's family, Plaintiffs Maritsa Molina, Jerry Munoz-Molina, Gerardo Munoz, and Angelene Munoz-Molina allegedly sustained emotional distress as a result of the incident.  (*See generally* Complaint, Doc. 1.)

According to the moving papers, on April 2, 2024, Plaintiffs filed a complaint against the State of California, County of Tulare, U.S. Army Corps of Engineers, and U.S. Department of Agriculture – Forest Service in Tulare County Superior Court.  (Doc. 14 at 3; Declaration of Mary L. Caruso ("Caruso Decl.") ¶ 3.)  The federal defendants—U.S. Army Corps of Engineers and U.S. Department of Agriculture – Forest Service—removed the action to this court.  (Caruso Decl. ¶ 4.)  Following removal, the State of California reportedly advised Plaintiffs that it could not be sued in federal court pursuant to the Eleventh Amendment.  (*Id.* ¶ 5.)  As a result, on June 4, 2024, the parties stipulated to dismissal of the federal defendants, and the case was remanded to state court.  (*Id.* ¶ 6.)

On November 7, 2024, Plaintiffs commenced this parallel action under the Federal Tort Claims Act against the United States of America.  (Doc. 1.)

Plaintiff Maritsa Molina now seeks to be appointed as guardian ad litem for her children, minor plaintiffs Bryan Munoz (born in 2012, age 13), Jerry Munoz-Molina (born in 2017, age 8), and Angelene Munoz-Molina (born in 2018, age 7).

## DISCUSSION

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  Local Rule 202(a) of this Court further states:

Upon commencement of an action or upon initial appearance in defense of an

1
2
3
4

> action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for a minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

5

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound

6

discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

7

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests

8

of each are the same, no need exists for someone other than the parent to represent the child's

9

interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022

10

WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185

11

(S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  "While a parent is generally appointed as a

12

guardian ad litem, there are situations where the best interests of the minor and the interests of the

13

parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG),

14

2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter

15

of right to act as guardian ad litem for the child. *Id.*

16

The Court has considered the motion of Plaintiff Maritsa Molina to be appointed as

17

guardian ad litem for her children, minor plaintiffs Bryan Munoz, Jerry Munoz-Molina, and

18

Angelene Munoz-Molina, and finds no conflict that would preclude her from serving as guardian

19

ad litem.  As acknowledged by the moving papers, Plaintiff Maritsa Molina may have a potential

20

conflict of interest with her children because she is also a party to this action.  (Doc. 14 at 6.)

21

However, her claims are the same as those of her children, including the claim for negligent

22

infliction of emotional distress.  According to her counsel, "she is fully committed to prioritizing

23

and acting in the best interests of her children throughout the case."  (Doc. 14 at 6; *see also*

24

Caruso Decl. ¶ 10.)  She also will act on their behalf in this action, "ensuring that their legal rights

25

and interests are fully protected."  (Doc. 14 at 4; *see also* Caruso Decl. ¶ 10.)  Moreover, she has

26

been appointed as the guardian ad litem for the minor plaintiffs in the parallel state court action

27

arising from the same incident.  (*See* Ex. 1 to Caruso Decl.)

28

Given her appointment in the state court action, evidencing her consent to serve as guardian ad litem for her children, the Court will grant the motion.

**CONCLUSION AND ORDER**

Based on the above, IT IS HEREBY ORDERED that Maritsa Molina is appointed in this action as guardian ad litem for minor plaintiffs Bryan Munoz, Jerry Munoz-Molina, and Angelene Munoz-Molina.

IT IS SO ORDERED.

Dated:   **April 2, 2025**                          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE