UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN MUNOZ
*a minor, by and through his Guardian ad Litem, Maritsa Molina*, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:24-cv-01371-KES-FJS

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SERVE EXPERT REPORT OUT OF TIME

(ECF No. 24)

Plaintiffs Bryan Munoz, Maritsa Molina, Jerry Munoz-Molina, Gerardo Munoz, and Angelene Munoz-Molina (collectively "Plaintiffs") moved for leave to file the expert report of Craig Fry after the deadline to file expert reports had already passed. (ECF No. 24.) Defendant United States ("Defendant") opposes this motion, citing Rules 16, 26, and 37 of the Federal Rules of Civil Procedure. (ECF No. 28.) Plaintiff's reply implies, for the first time, that denial of his motion would be tantamount to dismissal. (ECF No. 29.) The court, after considering the parties' submissions and hearing oral arguments on the motion on August 14, 2026, (ECF No. 31), finds that Plaintiffs were not sufficiently diligent in serving their expert's report. This court need not resolve at this time whether denying this motion necessitates exclusion of Fry's opinion testimony

at trial. The trial judge will address the appropriate remedy under Rule 37 of the Federal Rules of Civil Procedure for Plaintiffs' failure to serve an expert report under Rule 26(a)(2).

## I. RELEVANT BACKGROUND

On April 11, 2025, the court issued a scheduling order requiring Plaintiffs to make their mandatory Rule 26(a)(2) expert witness disclosures and submit expert reports no later than April 10, 2026. (ECF No. 19.) On April 10, 2026, Plaintiffs served Defendant with an initial disclosure of expert witnesses that identified Craig Fry of Craig Fry & Associates ("Fry") as their fire expert but did not attach an expert report. (ECF No. 24 at 10 ¶ 4; ECF No. 28 at 2.) Plaintiffs included the complete sworn deposition transcript of Fry along with discovery that occurred in a parallel state action where Fry was also designated as a fire expert and had been deposed.[1] (ECF No. 24 at 10 ¶ 5.) During oral arguments, Plaintiffs indicated that the deposition transcript consisted of 137 pages and discovery provided from the state court action was approximately 500 through 1,000 pages. Defendant was neither present at nor notified of the deposition of Fry that occurred in the state action and Defendant was not a party to that action.

In an April 9, 2026, e-mail, Plaintiffs' counsel noted the April 10 deadline for expert disclosures and asked whether Defendant "would stipulate to not having a written report be accompanied with the disclosure since our trial is not until next year." (ECF No. 33 at 15.) Defendants did not agree to stipulate. On May 5, 2026, Defendant e-mailed Plaintiffs' counsel indicating that Fry was disclosed without providing a written report and requested that they "withdraw the designation of this retained expert." (ECF No. 33 at 7.) In response, on May 21, 2026, Plaintiffs refused to withdraw Fry stating that "Mr. Fry's opinions, the bases for those opinions, and the information required under Rule 26(a)(2) are fully stated in his sworn deposition testimony from the State Court action. That testimony provides the substance of his opinions, the facts and data considered, and his qualifications, and therefore *satisfies the purpose* of Rule 26's disclosure requirements." (ECF No. 33 at 7 (emphasis added).) On May 28, 2026, Defendant responded by stating that it was entitled to a proper report, prejudiced by the absence

[1] Although ambiguous in the parties' papers, more information regarding Fry's deposition transcript and the discovery produced was revealed in oral arguments.

of such a report, and reserved the right to seek an exclusionary order. (ECF No. 33 at 5.)

At the August 14, 2026, hearing on this motion, Plaintiffs indicated that no expert report has been prepared. The only information Plaintiffs provided to the government concerning Fry's opinions is the prior deposition transcript.

Although Plaintiffs argue in their papers that excluding Fry's report would be tantamount to a dismissal (ECF No. 29 at 4), Plaintiffs conceded at the hearing that they do not need Fry's testimony to establish causation.

The court's April 11, 2025, scheduling order set the expert discovery cutoff for June 30, 2026. (ECF No. 19.) Plaintiffs filed this instant motion on the final day for expert discovery. (ECF No. 24.)

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified). The prejudice to parties opposing modification of the scheduling order, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification. *Id.*

### A. Diligence

The "good cause" standard under Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citation modified). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for

amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018). If the party seeking to amend the scheduling order "was not diligent, the inquiry should end," and the court should not grant the motion to modify. *Johnson*, 975 F.2d at 609.

Plaintiffs have not shown the required diligence. Plaintiff's April 9, 2026, e-mail proposing that the parties forgo written reports (ECF No. 33 at 15) reflects Plaintiffs' contemporaneous understanding that the scheduling order and Rule 26(a)(2)(B) required a written report. Yet despite the court's scheduling order, Plaintiffs did not serve an expert report but instead produced a copy of Fry's deposition from the state court action.[2] A deposition transcript of an expert that the Defendant did not attend is not a substitute for the elements of an expert disclosure under Rule 26(a)(2) of the Federal Rules of Civil Procedure.[3] Plaintiffs' subsequent insistence that the *purpose* of Rule 26(a)(2) was satisfied, (ECF No. 33 at 7), is inadequate.[4] And Plaintiffs' later insistence that they "can readily seek leave to provide a formal expert report" "[t]o the extent the Court deems supplementation necessary," because "trial is not set until February 9, 2027," (*id.* at 8), does not improve matters. And Plaintiff filing this motion on the

---

[2] Plaintiffs' motion papers were ambiguous as to when Plaintiffs served the deposition notice. At oral argument, Plaintiffs' counsel clarified that the transcript was served on April 10, 2026, in place of an expert report.

[3] Plaintiffs' argument that Fry's report "would merely memorialize the opinions the United States has already tested, or could have tested, at deposition," (ECF No. 24 at 7), is counterfactual. Defendant was not party to the prior suit, did not attend the prior deposition, and, consequently, could not pose questions of Fry at the earlier deposition.

[4] Also inadequate is Plaintiffs' insistence that "the deposition transcript contains the opinions and satisfied the requirements." (ECF No. 33 at 4.) A deposition transcript is not a "written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). It is instead a series of responses to questions that an attorney—notably here, not Defendant's attorney—asked of Fry in another case. The fact that the cases are related does not assure that the court that the deposing attorney's questions extracted "a *complete* statement of *all* opinions the witness will express and the basis and reasons for them," "*any* exhibits that will be used to summarize or support" the opinions, "*all* publications authored in the previous 10 years," and "a statement of the compensation to be paid for the study and testimony *in the case*," among other topics. *Id.* 26(a)(2)(b)(i),(iii)-(iv), (v) (emphasis added).

June 30 discovery cut-off reemphasizes their April 9 understanding that a Rule 26(a)(2)(B) report was necessary. Yet Plaintiff still has not prepared an expert report and apparently is only willing to do so within twenty-one days of the court granting this motion to supplement. (ECF No. 24 at 10 ¶ 5; ECF No. 29 at 7.) Plaintiffs' approach does not reflect "diligence," (ECF No. 29 at 6), or "inadvertence," (*id.* at 5). Rather it reflects a disregard for the requirements of Rule 26(a)(2) and this court's scheduling order. Without evidence of diligence, Plaintiffs request to modify the scheduling order is denied.

B. Harm of Denial to Plaintiffs

In its opposition, Defendant argues that "the expert without a report should be precluded from providing testimony in this case." (ECF No. 28 at 4.) Plaintiffs' instant motion, however, trains on Rule 16(b) and whether the court should grant leave to serve an expert report out of time. The initial moving papers do not address the ramifications of denying that leave. Whether this denial means that Fry's testimony will be excluded at trial is best reserved for motions in limine before the trial judge.

Nonetheless, Plaintiffs assert in their reply brief that exclusion "is a case dispositive sanction in all but name." (ECF No. 29 at 4.) At oral argument, however, Plaintiffs' counsel confirmed that Plaintiffs can prove their case even if Fry is not called to testify.

III. CONCLUSION AND ORDER

The court emphasizes that federal trial courts routinely set schedules and establish deadlines for efficient resolution of cases in a system often bogged down by heavy caseloads. "Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Although these deadlines should not be enforced mindlessly, "[p]arties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Id.*

Based on the foregoing, Plaintiffs' motion for leave to file expert report out of time (ECF No. 24) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 22, 2026**

UNITED STATES MAGISTRATE JUDGE